UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MELISSA J. BEAMS,**
                          **Plaintiff**

v.                                                 **Civil Action Number**
                                                           **3:06CV316-J**

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
                          **Defendant**

## MEMORANDUM OPINION

This matter is before the Court on plaintiff Melissa Beam's request for review of the decision of the defendant Commissioner denying her claim to disability income benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed her applications on April 16, 2003, alleging that she had been unable to engage in any substantial gainful employment since December 1, 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Beams' only severe impairment was narcotics abuse. In accordance with 42 U.S.C. Sec. 432(d)(2)( C), the ALJ then proceeded to determine whether Ms. Beams would be disabled if drug addiction were not a contributing factor. The ALJ found that Ms. Beams is disabled, but that if she stopped her narcotics abuse, she would be able to perform her past relevant work.

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Beams' central complaint is that substantial evidence fails to support the determination that her abdominal complaint is not a severe impairment. There appears to be no dispute that plaintiff has abdominal pain. The only issue is its source: If the pain, nausea, vomiting, etc., are attributable to narcotics abuse (and would not exist absent that abuse), they may not serve as the basis for an award. If they are attributable to another cause, such that they would exist in the absence of narcotics abuse, then the customary disability determination process is activated. The ALJ found that the physical problems of which she complains would not be disabling absent drug addiction. Plaintiff contends that the physical problems are not traceable to narcotics abuse and would be disabling even in the absence of drug addiction.

The parties agree that in August of 1997, plaintiff was in the emergency room complaining of abdominal pain. Testing revealed elevated liver function and multiple gallstones. Tr. 138. Shortly thereafter, Dr. McMillin extracted the stones from the common duct. Tr. 148. She developed post operative pancreatitis, which resolved before her discharge (her amylase

went up to 2000, then back down to 100). Tr. 148.  Within the next month, a number of tests had been undertaken to determine the reason for her persistent abdominal pain, nausea, and elevated alkaline phosphatase.  Tr. 158, 161, 163, 165, 167.  The record does not demonstrate a resolution, but the next complaint of abdominal pain was six months later, when she appeared in the emergency room.  Tr. 186.

In May of 2001, she underwent endoscopy, which was normal in most respects although it demonstrated erythematous gastropathy.  Tr. 252-253.  In August of 2001, she was admitted to the hospital on a history that stated, "approximately 4-year history of acute pancreatitis."  Tr. 199.  Dr. Horlander recorded an assessment of "chronic pancreatitis," and noted "Her usual course during her multiple prior admissions if for her to be n.p.o. and obtain IV pain medication," in this case, Demerol and Phenergan.  Tr. 201.

In January of 2002, Dr. Popham recorded his assessment of chronic abdominal pain, undetermined etiology.  Tr. 248.  In April, Dr. Popham performed endoscopic retrograde cholangiopancreatography with stent placement.  Tr. 225.  A CT scan a few days later demonstrated an abnormal liver with multiple dilated biliary ducts.  Tr. 222  Within a week,  Dr. Popham removed a cystic duct remnant; the resulting pathology report noted "chronic active inflammation of cystic duct (moderate)."  Tr. 217, 259.

Periodic flare-ups and visits to the emergency room continued.  Within a few months, some physicians were questioning the cause of her abdominal pain.  In June of 2002, in connection with one of her emergency room visits, Dr. Brown wanted a CT scan; the records indicate that she refused to have the scan unless she could have IV pain medications.  Tr. 210.  The impasse apparently resolved, but the subsequent scan found nothing in the abdomen to

account for her complaints. Tr. 207-208. In August of 2002, Dr. Hardesty recorded that the patient was taking too much phenergan. Tr. 315. That same month, Dr. Popham noted that she was complaining of abdominal pain "and it appeared to me that she was probably seeking more pain medication." He added, "I do not believe we have good clinical evidence that she has chronic pancreatitis." Tr. 204. In February of 2003, Dr. Hardesty recorded "need to speak to patient in person before further refills of meds. Family is concerned that patient is abusing meds/driving intoxicated," and Dr. Sorenson declined a request to refill her Ambien prescription, noting, "You have had witnesses inform me you are intoxicated." Tr. 299, 300. As of May of 2003, plaintiff's controlled substance medication list included ambien, methadone, duragesic patch and phenergan. Tr. 356. In October of 2003, Dr. Popham again expressed doubt concerning the pancreatitis diagnosis and observed that her constipation problems were not surprising given her narcotic usage." Tr. 371. Despite all of this evidence, Ms. Beams denied at the hearing that either Dr. Hardesty or Dr. Popham had ever suggested that she was taking too much narcotic medication. Tr. 578, 581.

The agency medical consultant who examined the records noted that Ms. Beams was "on a *lot* of narcotics," and concluded that the "pain seems out of proportion to clinical findings." Tr. 270-273. The medical expert who testified at the hearing opined that the records do not support a diagnosis of pancreatitis, and observed that the mild liver abnormalities that show up could be caused by her medications. Tr. 554-556.

The issue is not what this Court might have decided had the undersigned been the fact-finder. The sole question is whether, considering the record as a whole, substantial evidence exists to support the findings of the ALJ. The Court concludes that substantial evidence does

4

support the ALJ's conclusion that Ms. Beams' physical problems are attributable to narcotics addiction.

Plaintiff further contends that substantial evidence fails to support the ALJ's determination that her anxiety and depression were not severe impairments. An impairment is "severe" only if it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921. The disability benefits claimant must always bear the ultimate burden of establishing disability. Key v. Callahan, 109 F.3d 270 (6th Cir. 1997), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990).

Dr. Hardesty opined on July 25, 2002 that Ms. Beams' "anxiety & depression are consistant of the type associated with a chronic medical condition. It has impaired her judgment at times (poor focus, attention, distractibility, irritability)." The office records indicate that in October of 2001, Dr. Hardesty prescribed Paxil upon claimant's declaration that she felt like she was going to lose her mind." Tr. 351. In November of 2001[1], Ms. Beams complained of depression and anxiety; Dr. Hardesty prescribed Celexa (one month supply with one refill). Tr. 350. In February of 2002, Ms. Beams was tearful when she saw a nurse practitioner, and she complained of being depressed and anxious. She stated that she had taken Prozac and Paxil in the past, but that she had not had either for two months; the nurse practitioner entered an order for Prozac. Neither the patient nor the ARNP mentioned the Celexa prescribed three months before. Tr. 335-336.

---

[1] The date on the page is cut off; however, the series of notes is otherwise in reverse chronological order, such that November appears the most likely date for this page.

5

Plaintiff points to no additional evidence in support of her contention that her depression and/or anxiety constitute a severe impairment. Considering the record as a whole, the Court concludes that substantial evidence exists to support the Commissioner's conclusion that she failed to carry her burden of establishing the existence of a severe psychological impairment.

An order in conformity has this day entered.